*FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
DAWN DUTTON,                        :
                                    :
                    Plaintiff,      :    Civil Action No. 18-17199 (FLW) (DEA)
                                    :
        v.                          :
                                    :    **OPINION**
ETHICON, INC., AND JOHNSON AND      :
JOHNSON,                            :
                                    :
                                    :
                    Defendants.     :
_____ :
                                    :
CAROL GILBERT,                      :
                                    :
                    Plaintiff,      :    Civil Action No. 18-16672 (FLW) (DEA)
                                    :
        v.                          :
                                    :
ETHICON, INC., AND JOHNSON AND      :
JOHNSON,                            :
                                    :
                                    :
                    Defendants.     :
_____ :
JOSEPH SNADER,                      :
                                    :
                    Plaintiff,      :    Civil Action No. 18-17553 (FLW) (DEA)
                                    :
        v.                          :
                                    :
ETHICON, INC., AND JOHNSON AND      :
JOHNSON,                            :
                                    :
                                    :
                    Defendants.     :
_____ :

|  |  |  |
|---|---|---|
| JOHN WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 19-174 (FLW) (DEA) |
| | : | |
| v. | : | |
| | : | |
| ETHICON, INC., AND JOHNSON AND JOHNSON, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**WOLFSON, Chief Judge:**

Presently before the Court are motions to remand filed by Plaintiffs Carol Gilbert ("Gilbert"), Dawn and Stephen Dutton ("the Duttons"), Joseph Snader ("Snader"), and John Williams ("Williams") (collectively, "Plaintiffs"), in the above captioned cases. Plaintiffs are among dozens of plaintiffs who have individually and separately sued Defendants Ethicon, Inc. and Johnson and Johnson ("EJ&J" or "Defendants") in New Jersey state court, alleging that they received injuries from Defendants' hernia mesh implants.[1] After these cases were filed, EJ&J removed many of these actions to federal court prior to service. In a majority of the removed cases, Plaintiffs have moved to remand. The instant remand motions are representative of four subsets of factually similar remand motions. In each motion, Plaintiffs argue that Defendants' removal violates 28 U.S.C. § 1441(b), the forum defendant rule. For the following reasons, removal was improper in *Gilbert* and *Dutton*, and these motions to remand are GRANTED; removal was proper in *Snader* and *Williams*, and, as such, these motions to remand are DENIED.

---

[1] The Court will refer to these individual cases as *Gilbert*, *Dutton*, *Snader*, and *Williams*.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Johnson & Johnson and its wholly owned subsidiary, Ethicon, are incorporated and have their principle place of business in New Jersey. *See, e.g.*, Dutton Complaint, at ¶¶ 9, 11, No. 18-17199, ECF No. 1-2. Dutton, Gilbert, Snader, and Williams sued Defendants for product liability claims stemming from surgically implanted hernia mesh. Dawn Dutton, a citizen of Kentucky, was implanted with a Proceed Hernia Mesh to repair a ventral hernia on April 20, 2005. *Id.* at ¶¶ 7-8. Gilbert, a citizen of Washington, was implanted with an Ethicon Multi-Layered Hernia Mesh to repair a ventral hernia on June 20, 2014. *See* Gilbert Complaint at ¶¶ 7-8, No. 18-16672, ECF No. 1-2. Snader, a citizen of Tennessee, was implanted with an Ethicon Proceed Surgical Mesh to repair a ventral incisional hernia on or about February 6, 2008. *See* Snader Complaint at ¶ 7, No. 18-17553, ECF No. 1-2. And Williams, a citizen of North Carolina, was implanted with Prolene Hernia Mesh to repair an inguinal hernia on August 24, 2011. *See* Williams Complaint at ¶¶ 7-8, No. 19-174, ECF No. 1-1. Each of these plaintiffs allegedly experienced major complications from these implants that required substantial subsequent medical treatment.

After each Plaintiff filed suit against EJ&J in New Jersey state court, EJ&J removed each case to federal court on the basis of diversity. The present dispute turns on whether EJ&J's removal was proper under 28 U.S.C. § 1441(b), the forum defendant rule, which bars removal to federal court based on diversity jurisdiction if the case is filed in a state court in which a "properly joined *and served*" defendant is a citizen. To evade this rule, EJ&J removed each action to this Court after each plaintiff filed suit, but before service was effectuated.

After more than forty such hernia mesh cases were removed to this District, and motions to remand were filed in many of these actions, the parties conferred to determine the most

3

efficient manner for the Court to address the pending motions. The parties determined that many of the motions shared common issues of law, and, accordingly, agreed to group the motions into three categories. In the first set of cases, Plaintiffs argue that remand is required where service of the forum defendants was made before EJ&J effected removal. In the second set of cases, Plaintiffs argue that remand is necessary when the forum defendants made effectuating service an impossibility. And in the third set, Plaintiffs argue that remand is necessary for the preservation of the forum defendant rule. In accordance with this categorization, on February 19, 2019, this Court ordered Plaintiffs and Defendants to identify no more than three sets of briefs for the Court's consideration.

The parties chose Gilbert and Dutton to represent the first grouping; however, because there are no material differences in the factual scenarios of those two cases, I will focus on Gilbert for the purposes of this Opinion. Gilbert commenced her action on November 30, 2018, at 9:35 a.m., by filing a Complaint against Defendants in the Middlesex County Superior Court. A New Jersey process server was able to personally serve EJ&J at One Johnson & Johnson Plaza, New Brunswick, New Jersey, by 10:15 a.m., only 40 minutes after filing. As service was being made, Defendants were already in the process of filing their Notice of Removal with the District of New Jersey, which was timestamped at 10:14 a.m. Although EJ&J filed their Notice of Removal in this Court one minute before service of process—they did not provide copies of the Notice to both Gilbert and the state court in Middlesex County until 11:17 a.m.

The parties chose Snader to represent the second grouping. On December 21, 2018, at 2:46:02 p.m., Snader also commenced his action by filing a Complaint against Defendants in the Middlesex County Superior Court. As soon as Plaintiff's counsel received notification from the

New Jersey Civil Law Division that the Complaint had been accepted and time-stamped, the Complaint was compiled to be sent electronically to a New Jersey process server who could not personally serve EJ&J at One Johnson & Johnson Plaza, New Brunswick, New Jersey, because their office was closed and not scheduled to reopen until January 2, 2019. Defendants then filed their Notice of Removal on December 24, 2018. Snader properly served Defendants after their offices reopened, eight days after EJ&J filed a copy of removal notice in state court.

Finally, the parties chose Williams to represent the third grouping. On January 7, 2019, at 3:10 p.m., Williams commenced his action by filing a Complaint against Defendants in the Middlesex County Superior Court. The very minute Plaintiff's counsel received notification from New Jersey Civil Law Division that the Complaint had been accepted and timestamped, the Complaint was compiled to be sent electronically to a New Jersey process server who was able to personally serve EJ&J at One Johnson & Johnson Plaza, New Brunswick, New Jersey, by close of business the following day, *i.e.,* January 8, 2019. However, by that time, Defendants had already filed their Notice of Removal with the District of New Jersey, which was timestamped on January 7, 2019 at 3:21 p.m, just eleven minutes after Williams's Complaint was filed, and the State Court was notified by 3:23 p.m.[2]

The various filings and service times are summarized in the following table:

---

[2] The parties also flagged *Kerr v. Ethicon, Inc.*, Case No. 3:18-cv-17396, as a potentially representative case; however, in *Kerr,* Defendants removed the case before service of the complaint, twenty-four minutes after the complaint was filed, and Plaintiff's briefing in that case asserts the same preservation of the forum defendant rule arguments made throughout all of Plaintiffs' briefing. Therefore, *Kerr* belongs in the same category as *Williams*, and will not be addressed separately.

| Case | Complaint Filed | Service Effected | Removal Filed | State Court Notified |
|---|---|---|---|---|
| *Gilbert v. Ethicon, Inc. et al.* No. 3:18-cv-16672 | 11/30/18 9:35 a.m. | 11/30/18 10:15 a.m. | 11/30/18 10:14 a.m. | 11/30/18 11:17 a.m. |
| *Snader v. Ethicon, Inc. et al.* No. 3:18-cv-17553 | 12/21/18 2:46 p.m. | After 1/2/19 | 12/24/18 | 12/24/18 |
| *Williams v. Ethicon, Inc. et al.* No. 3:19-cv-00174 | 1/7/18 3:10 p.m. | 1/8/18 By 5:00 p.m. | 1/7/18 3:21 p.m. | 1/7/18 3:23 p.m. |

Plaintiffs seek to remand to state court each of these cases, along with all of the removed cases that fall under these categories.

## II. <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court." The defendant seeking to remove the matter bears the burden of showing that (1) federal subject matter jurisdiction exists, (2) removal was timely filed, and (3) removal was proper. 28 U.S.C. §§ 1441, 1446, 1447; *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). After a case has been removed, the district court, however, may nonetheless remand it to state court if the removal was procedurally defective or subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c).

In cases where subject matter is based on diversity jurisdiction, *see* 28 U.S.C. § 1332, each party must be of diverse citizenship from each other and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a); *Grand Union Superm. of the Virgin Isl., Inc., v. H.E.*

6

*Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003). Additionally, Section 1441(b)(2) imposes another condition on removal known as the "forum defendant rule," which provides that an "action otherwise removable solely on the basis of [diversity] jurisdiction ... may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." "Therefore, the forum defendant rule prohibits removal based on diversity where a defendant is a citizen of the forum state—the state in which the plaintiff originally filed the case." *In Re Plavix Prod. Liab. & Mktg. Litig.*, No. 3:13-03610, 2014 WL 4954654, at *3 (D.N.J. Oct. 1, 2014) (citing *Blackburn v. United Parcel Service, Inc.*, 179 F.3d 81, 90 n.3 (3d Cir. 1999)).

### III. DISCUSSION

Gilbert, Snader, and Williams contend that removal was improper under 28 U.S.C. § 1441(b), the forum defendant rule: Gilbert contends that in her case, process was, in fact, properly effectuated before all the steps of removal were complete; Snader argues that EJ&J made it impossible to effectuate service before removal by purposely closing their offices on the same day the Complaint was filed; and Williams maintains that EJ&J filed their Notice of Removal so swiftly after the Complaint was filed such that service before removal was practically impossible. I find that although *Gilbert* will be remanded because process was served before EJ&J filed a copy of notice with Middlesex County Court, *Snader* and *Williams* will not be remanded because neither the closure of EJ&J's offices in *Snader*, nor EJ&J's accelerated filings in *Williams*, violate § 1441(b). Because each of the Plaintiffs' arguments turn on the application of the forum defendant rule, I will first turn to that discussion.

### A. The Forum Defendant Rule and Pre-Service Removal

"[T]he forum defendant rule prohibits a defendant who has been properly joined and served from removing an action based on diversity where a defendant is a citizen of the forum state—the state in which the plaintiff originally filed the case." *In Re Plavix*, 2014 WL 4954654, at *3 (citing *Blackburn v. United Parcel Service, Inc.*, 179 F.3d 81, 90 n.3 (3d Cir. 1999)). The issue in the present matter concerns the meaning of the "properly joined and served" language in the forum defendant rule, *i.e.* whether a forum defendant against whom a complaint has been filed but who has not accepted service may remove an action to federal court. Before the Third Circuit squarely addressed the issue, a litany of cases, interpreting the plain language of the forum defendant rule, answered this question in the affirmative. *See, e.g., Bivins v. Novartis Pharm. Corp.*, No. 09-1087, 2009 WL 2496518, at *2 (D.N.J. Aug. 10, 2009) ("Under the plain meaning of the statute, removal of this case was proper because NPC had not yet been served when it filed its notice of removal."); *Yocham v. Novartis Pharm. Corp.*, No. 07-1810, 2007 WL 2318493, at *3 (D.N.J. Aug. 13, 2007) ("The language of § 1441(b) is unambiguous—removal is prohibited *only* where a defendant, who is a resident of the forum state, has been 'properly joined *and served.*'"); *Thomson v. Novartis Pharm. Corp*., No. 06-6280, 2007 WL 1521138, at *4 (D.N.J. May 22, 2007) ("This language is unambiguous—removal is prohibited only where a defendant, who is a resident of the forum state, has been 'properly joined *and served.*'"); *Jaegar v. Schering Corp.*, No. 07-3465, 2007 WL 3170125 at *2 (D.N.J. Oct. 25, 2007) ("[T]here is no dispute that Defendants were not served at the time removal was filed. Accordingly, there is no applicable limitation on Defendants' right to remove the matter to this court."). *But see Sullivan v. Novartis Pharms. Corp*., 575 F. Supp. 2d 640, 641-43, 654 (D.N.J. 2008) (concluding that

literal interpretation of the forum defendant rule that removal before service is permissible would lead to an absurd result and remanding the matter).

Finally, in *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018), *reh'g denied* (Sept. 17, 2018), the Third Circuit definitively addressed the issue. There, the defendant agreed to accept electronic service of process instead of requiring formal service of the complaint. *Id.* at 150. However, when the plaintiff then filed suit against the defendant in its home state and sent the defendant a copy of the filed complaint and a service acceptance form via email, counsel for defendant refused to accept service and thereafter removed the action to federal court. *Id.* The court rejected the plaintiff's argument that it was "'inconceivable' that Congress intended the 'properly joined and served' language to permit an in-state defendant to remove an action by delaying formal service of process." *Id.* at 153. The court recognized that Congress "enacted the rule 'to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve.'" *Id.* (quoting Arthur Hellman, et al., *Neutralizing the Strategem of "Snap Removal": A Proposed Amendment to the Judicial Code*, 9 Fed. Cts. L. Rev. 103, 108 (2016)). According to the court, however, the statute's "plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served." *Id.* at 152. The court continued:

> Our interpretation does not defy rationality or render the statute nonsensical or superfluous, because: (1) it abides by the plain meaning of the text; (2) it envisions a broader right of removal only in the narrow circumstances where a defendant is aware of an action prior to service of process with sufficient time to initiate removal; and (3) it protects the statute's goal without rendering any of the language unnecessary.

*Id.* at 153. The court further noted that the forum defendant rule does not preclude an in-state defendant's use of "pre-service machinations to remove an action that it otherwise could not," and that "this outcome is not so outlandish as to constitute an absurd or bizarre result." *Id.* at 153-54. The Second Circuit, the only other court of appeals to address the issue since *Encompass*, likewise rejected an argument that allowing removal in such circumstances would produce an absurd result, as the "plain text of the statute" is clear that the forum defendant rule "is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action." *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019).

### B. Attempted Pre-Service Removal of *Gilbert* Was Improper.

As an initial matter, Gilbert argues that—*Encompass* notwithstanding—Defendants' removal violates the forum defendant rule because they were "properly joined and served" prior to removal, since Gilbert completed service before Defendants could complete all the steps required for removal. In that regard, 28 U.S.C. § 1446, the general removal statute, provides:

> (a) Generally
>
> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States….

The statute continues:

> (d) Notice to Adverse Parties and Court.
>
> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

10

By language alone, § 1446 requires three steps for effectuating removal to federal court: defendant must file the notice of removal in federal court, provide written notice to all adverse parties, and file a copy of notice with the clerk of the state court. *La Maina v. Brannon*, 804 F.Supp. 607, 613 (D.N.J. 1984). Indeed, the phrase "which shall effect the removal" in § 1446(d), which immediately follows these requirements, makes it clear that removal is not "effected" until all three steps are completed. *See id.* ("As there are no commas separating these three requirements, and they all appear *prior* to the statement that the completion of these steps 'shall effect removal,' the plain meaning of the statute would seem to dictate that the state court would retain jurisdiction over the matter until all three requirements have been satisfied."). Relying on this statutory language, "[c]ase law in the District of New Jersey clearly holds that removal is not complete until all three steps prescribed by 28 U.S.C. § 1446(d) are actualized." *Westfield Ins. Co. v. Interline Brands, Inc.*, No. 12–6775, 2013 WL 1288194 at *2 (D.N.J. March 25, 2013). Indeed, "[i]n a civil action, after filing the notice of removal with the federal court, the defendant must give written notice of removal to all adverse parties, and file a copy of the notice of removal with the state court in which the action originated." 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3729 (4th ed. 2019)). *See also Khan v. Bank of America Home Loan Servicing L.P.*, No. 12–117, 2012 WL 1495592 at *2 (D.N.J. April 27, 2012) (holding that removal was proper because a good faith attempt at service met § 1446(d) requirement of notice to adversaries (quoting Wright & Miller, *supra*, through "adverse parties").).

Here, *Gilbert* was not removed prior to the completion of service because Gilbert served EJ&J at 10:15 a.m. on November 30, 2018, one hour and two minutes before EJ&J filed copy of

11

removal notice in Middlesex County Court at 11:17 a.m. Although EJ&J filed notice of removal in the U.S. District Court for the District of New Jersey one minute before service of process, they did not complete all required removal steps until providing copies of the notice to both Gilbert and the state court in Middlesex County. Therefore, EJ&J were "properly joined and served defendants" under § 1441(b) prior to removal.

Defendants argue that the Third Circuit's interpretation of the forum defendant rule in *Encompass* was not conditioned upon the notice of removal being provided to the state court— only that removal be "*initiated*" before service of process on the in-state defendant. Defendants rely on language in *Encompass* that the forum defendant rule "envisions a broader right of removal only in the narrow circumstances where a defendant is aware of an action prior to service of process with sufficient time to *initiate* removal." *Encompass*, 902 F.3d at 153 (emphasis added). However, the Third Circuit's use of the word "initiate"—without any further explanation—does not obviate the plain language of § 1446 and case law holding that "if a forum defendant is served prior to the removing party completing all three steps required by Section 1446(d), the forum defendant rule applies to bar removal." *Westfield Ins. Co.*, 2013 WL 1288194 at *3; *see also Resolution Tr. Corp. v. Nernberg*, 3 F.3d 62, 69 (3d Cir. 1993) ("28 U.S.C. § 1446(d) requires that a notice of removal be filed promptly with the state court. The requirement of notice to the state court is an important part of the removal process and has been held necessary to terminate the state court's jurisdiction."); *Anthony v. Runyon,* 76 F.3d 210, 214 (8th Cir. 1996) ("The only rule that logically follows from 28 U.S.C. § 1446(d) is that removal is effected when the notice of removal is filed with the state court and at no other time"); *Doe v. Valley Forge Military Acad. & Coll.*, No. 19-1693, 2019 WL 3208178, at *6 (E.D. Pa. July 15,

2019) ("Because [defendant] was 'properly joined and served' before [defendant] completed all three steps necessary to effect removal under § 1446(d), the Court concludes that the forum defendant rule precludes removal on the basis of diversity jurisdiction."); *Hardman v. Bristol-Myers Squibb Co.*, No. 18-11223, 2019 WL 1714600, at *3 (S.D.N.Y. Apr. 17, 2019) ("Forum Defendants Bristol-Myers and Colgate were served prior to the Johnson Defendants completion of all three statutory requirements under Section 1446(d). The analysis ends there.") (citations omitted); *Stern v. Bertek Pharm., Inc.,* No. 07–5677, 2008 U.S. Dist. LEXIS 62066, at *11-14 (D.N.J. July 29, 2008); *Ripley v. Eon Labs, Inc.,* 622 F.Supp.2d 137, 141-42 (D.N.J. 2007); *La Maina*, 804 F.Supp. at 613.[3]

Thus, as Defendants did not complete all three removal steps before being properly served, the forum defendant rule bars removal of the *Gilbert* action.

**C. Pre-Service Removal of *Snader* was Proper.**

---

[3] Despite case law holding that removal is not effectuated until all the steps have been completed, Defendants offer a contrary interpretation of the statute, pointing to the subheading "Requirements," which appears before § 1446(b) and (c), but not before § 1446(d), the subsection requiring notice be provided to adverse parties and State court, to suggest that §1446(d) is not required. I do not find this argument persuasive, as, whatever the subheadings in the statute, the plain language of § 1446(d) is clear that removal is not complete, *i.e.,* "effected," until all three steps have been completed:
> This court interprets the clause in § 1446(d), above, "which shall effect removal and the State court shall proceed no further," as a relator preceded by the conjunctive requirement that defendant "shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court." Merely filing notice of removal with the Superior Court Clerk does not divest that court of its jurisdiction….

*La Maina*, 804 F. Supp. at 613. Indeed, statutory subheadings cannot trump the plain language of the statutory text. *See United States v. Pendleton*, 658 F.3d 299, 305 (3d Cir. 2011).

13

Unlike *Gilbert*, it is undisputed that Snader did not serve Defendants prior to removal: the complaint was filed on December 21, 2018, removal was completed on December 24, 2018, and the complaint was served on January 2, 2019. Snader argues, however, that the forum defendant rule should bar an in-state defendant from removing an action by delaying service of process or making effectuating service an impossibility. At the outset, although Plaintiffs insist that Defendants closed their offices to prevent proper service, the facts do not support that position. Indeed, Defendants' offices were closed from Friday, December 21, 2018 until Wednesday, January 2, 2019, and Defendants reasonably explain that the closure was due to the holiday season. Even assuming that Defendants, in fact, closed their offices to purposely evade service, whatever the logical merits of Plaintiffs' argument in that regard, it is foreclosed by *Encompass*. As discussed, in *Encompass*, the defendant's counsel agreed to accept service electronically, but later declined to return the waiver of service until notice of removal was filed. *Encompass*, 902 F.3d at 150. The court noted that even if defense counsel's behavior in agreeing to accept service of the complaint, and then filing a notice of removal before service, was "unsavory," removal was proper based on the language of the governing statutes. *Id.* at 154.

Here, the fact that the closure of EJ&J's offices made service before removal an impossibility does not violate either the letter or the spirit of § 1441(b) under *Encompass*. In *Anderson v. Merck*, No. 3:18-cv-15844, 2019 WL 161512, at *1 (D.N.J. Jan. 10, 2019), a case decided since *Encompass*, the plaintiff made a similar impossibility argument, based on the plaintiff's inability to serve the complaint before removal because he had to wait for the state court to issue a track assignment notice. The court rejected that argument in light of the controlling statutory language and the *Encompass* decision. *Id.* at *1-2. Indeed, even if such a

delay were intentional—which is not clear here given that offices typically close during the holiday season—*Encompass*, and courts interpreting it, have permitted gamesmanship, "pre-service machinations," or otherwise "unsavory" behavior in order to prevent service.[4] *Id; McLaughlin v. Bayer Essure, Inc.*, No. 14-7315, 2019 WL 2248690, at *4 (E.D. Pa. May 24, 2019) (following *Encompass* even though "the rule we apply today encourages some level of gamesmanship because it arguably encourages defendants who have been served with writs of summons to strategically remove before a forum defendant is properly served with the complaint"). Thus, Defendants' removal in *Snader* does not violate the forum defendant rule.

### D. Pre-Service Removal of *Williams* was Proper.

Finally, Williams seeks to remand on the basis that doing so is necessary to preserve the forum defendant rule. He argues that allowing a party to monitor a docket and file a notice of removal immediately after a complaint is filed, a practice known as "snap removal," effectively eliminates a plaintiff's ability to bring suit in state court against a resident defendant, thereby eviscerating the forum defendant rule. While Williams's argument is well-taken, the Third Circuit, however, closed the door on that argument in *Encompass* when it confronted this exact scenario but, nonetheless, found it proper under the statute. Indeed, there, the court advised that even if a defendant were to rely on technological advances to file notice of removal more quickly than plaintiff could possibly effectuate service, the defendant's conduct would not be

---

[4] I decline to rule on whether there might be some instances in which a defendant's tactics in delaying service are so egregious that removal would be improper. However, here, Defendants' behavior cannot be labeled egregious, and even if it could, it is not close to as egregious as in *Encompass*, where the defendant declined to waive service after previously agreeing to accept service electronically. Though EJ&J closed their offices over the holidays, Snader does not allege that EJ&J deliberately delayed service by, for example, purposely making agents unavailable.

inconsistent with the forum defendant rule as it is written. *Encompass*, 902 F.3d at 153. The court went on to rule that § 1441(b) does not bar an in-state defendant from removing an action by "monitoring dockets electronically, gaining an advantage in a race-to-removal scenario." *Id.* at 153 n.4. This Court is constrained by binding authority in this context.

Here, as the circuit court signaled in *Encompass*, EJ&J's filing of notice of removal within minutes of the timestamping of Williams's complaint does not make removal improper under § 1441(b). While true that, in *Encompass*, the plaintiff had days to serve process while Williams had only thirteen minutes before EJ&J effectuated removal by filing a copy of notice in state court, the *Encompass* court recognized the possibility of such docket monitoring and accelerated filing and found that such conduct does not violate either the language or the intent of the removal statute. Any concerns posed by such practices, the court concluded, are best addressed by Congress:

> We are aware of the concern that technological advances since enactment of the forum defendant rule now permit litigants to monitor dockets electronically, potentially giving defendants an advantage in a race-to-the-courthouse removal scenario….If a significant number of potential defendants (1) electronically monitor dockets; (2) possess the ability to quickly determine whether to remove the matter before a would-be state court plaintiff can serve process; and (3) remove the matter contrary to Congress' intent, the legislature is well-suited to address the issue.

*Encompass*, 902 F.3d at 153 n. 4; *see also Campillo v. Antaki*, No. 19-9298, 2019 WL 3935990, at *1 n.2 (D.N.J. Aug. 20, 2019) ("Although 'snap removal,' as a policy matter, makes little sense to this Court, like the Third Circuit I am bound by the literal wording of the statute. The remedy, if any, lies with the legislature."). Therefore, EJ&J's accelerated removal of *Williams* falls squarely within the *Encompass* court's description of a "race-to-the-courthouse scenario," which is proper under §1441(b).

**IV.    CONCLUSION**

For the foregoing reasons, removal was improper in *Gilbert* and *Dutton*, and their motions to remand are GRANTED; removal was proper in *Snader* and *Williams*, and these motions to remand are, therefore, DENIED.


Dated:  October 18, 2019                              /s/ Freda L. Wolfson
                                                      Hon. Freda L. Wolfson
                                                      U.S. Chief District Judge